UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 1:98-CR-41 |
| | ) |
| CONTRELL COLEMAN, | ) |
| | ) |
| Defendant | ) |
| | ) |

**OPINION and ORDER**

On August 28, 2008, the court received a letter from Defendant Coleman wherein he cites to a Second Circuit case which he contends lends support to a previous Motion for Resentencing Hearing that he filed, and this court denied, on April 25, 2008. On September 10, 2008, the undersigned ordered the Clerk to file the letter in this case and the court now construes it as a Motion for Reconsideration of the April 25, 2008 Order denying Coleman's Motion for a Resentencing Hearing. For the following reasons, the Motion for Reconsideration will be DENIED.

In this court's April 25, 2008 Order, the court stated that district judges have limited authority to alter sentences after they are imposed. In particular, 18 U.S.C. § 3582(c)(2) provides that a court may not modify a term of imprisonment once it has been imposed except:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

A reduction is not consistent with applicable policy statements if "the amendment does not have the

1

effect of lowering the defendant's applicable guideline range because of the operation of another guideline [e.g., a career offender override] or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, comment n. 1(A).

In Coleman's case, the court indicated that he had not filed a petition under 18 U.S.C. §3582(c)(2) relating to the crack amendments and that if he did, the amendment would not have the effect of lowering Defendant's applicable guideline range because he was sentenced to the Career Offender Guideline. Thus, the Court stated that even if Coleman had filed a petition under §3582(c)(2) the court could not impose a sentence lower than the sentence that he originally received under the circumstances of this case. Moreover, because this court had no jurisdiction to alter the sentence under §3582(c)(2), it could not grant Coleman's request for a full re-sentencing hearing.

In his recent letter, Coleman cites to *United States v. Sanchez*, 517 F.3d 651 (2nd Cir. 2008)[1] and contends that this case holds that a career offender is entitled to relief under §3582(c)(2). However, this court's review of the *Sanchez* decision reveals that *Sanchez* involved a district judge's discretion when sentencing career offenders in an original sentencing procedure. The Second Circuit, upon reviewing the sentence imposed for reasonableness under *United States v. Booker*, 543 U.S. 220 (2005), held that Congress did not intend the career offender provision to "deprive the courts of authority to impose on a career offender a prison term that is not near the statutory maximum." *Id.* at 665. The court, therefore, remanded the case to the district judge because the record did not indicate that the court understood, at the time it sentenced the defendants, that the

---

[1] Coleman's letter incorrectly cited to *United States v. Sanchez,* ____ F.3d 517 (2nd Cir. 2008) rather than 517 F.3d. 651 (2nd Cir. 2008), but the court did find the case Coleman referenced.

career offender provision did not "necessarily restrict" the sentencing authority of the court. *Id*.

In light of the above explanation, it is clear that *Sanchez* does not provide any additional jurisdictional basis for this court to revisit Coleman's sentence. Coleman's case is not before the undersigned as an original sentencing nor on remand from the Court of Appeals relating to the original sentencing. Further, as noted above, §3582(c)(2) does not provide the court with jurisdiction and Coleman has not set forth any other basis for this court to revisit the original sentence imposed in his case. Accordingly, the Motion to Reconsider is DENIED.

The Clerk is hereby DIRECTED to serve the Defendant a copy of this Order at his place of incarceration.

SO ORDERED. This 19th day of September, 2008.

s/ William C. Lee  
United States District Court