# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| CONTRELL COLEMAN | ) | |
| | ) | |
| v. | ) | Case No. 1:98-CR-41 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

## OPINION AND ORDER

Before the court is Defendant Contrell Coleman's "Motion for Reconcider Judgement [sic]" filed on July 1, 2010. The Government responded on July 9, 2010 to which Coleman responded by requesting the appointment of counsel. Thereafter, on July 21, 2010 the court GRANTED Coleman's request for counsel and appointed the Federal Community Defender to represent him. A reply from the Federal Community Defender was received on August 23, 2010.

In his motion, Coleman seeks modification of his sentence asserting that the United States Probation Office made a mistake in calculating his offense level. He believes that an enhancement was erroneously applied to his offense level but should have instead been applied to his criminal history calculation. Thus, he contends that his sentence should be vacated and he should be resentenced under the corrected calculations.

Section18 U.S.C. § 3582(c)(2), prohibits a district court from modifying a term of imprisonment unless:

> (1) the Director of the U.S. Bureau of Prisons moves to reduce the defendant's term of imprisonment; (2) a modification otherwise is expressly permitted by statute, or by Fed.R.Crim.P. 35; or (3) the defendant was sentenced based on a guideline range that subsequently was reduced by the U.S. Sentencing Commission, and a reduction is consistent with the Commission's policy statements.

In Coleman's case, none of the preceding contingencies exist and thus, § 3582(c) is inapplicable to him. Accordingly, the court is without jurisdiction to modify Coleman's sentence and his Motion for Reconsideration is DENIED.[1]

Entered: This 31st day of August, 2010

s/ William C. Lee
United States District Court

---

[1] Coleman has raised this identical issue via numerous letters to the Court and to United States Probation. Coleman's probation officer has written several letters outlining the calculations about which he currently complains and explaining how the Court arrived at his sentence. Coleman's court-appointed counsel further represents in his brief relating to this motion that he has reviewed the presentence report and finds no errors as to how Coleman's sentence was calculated. Aside from a scrivener's error that has no effect on the sentence itself, the Court has also reviewed the calculations and finds no error in the calculations. Thus, even if the Court had jurisdiction to modify his sentence, there is no basis to do so.